J-A03004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.A.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| K.J.Y. | |
| Appellant | No. 1184 MDA 2016 |

Appeal from the Judgment July 6, 2016
In the Court of Common Pleas of York County
Civil Division at No(s): 2008-FC-002144-03

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED MARCH 21, 2017**

K.J.Y. (Mother) appeals from the judgment, entered in the Court of Common Pleas of York County, which granted primary custody of Child (born October 2008) to S.A.R. (Father).  Upon review, we affirm.

Mother and Father filed competing petitions for modification of a custody order entered in November 2013.  Father also filed two petitions alleging Mother's contempt of the custody order.  Father sought sole legal custody and primary physical custody in a petition for modification filed September 8, 2014, and Mother sought shared legal custody and primary physical custody in a petition for modification filed April 13, 2015.  The primary point of contention in this matter is that Mother accuses Father of committing sexual abuse against Child.  The trial court found Mother's accusations to be false after hearing testimony from the parties, the Child,

and an expert witness, Dr. Peter Thomas. The court awarded shared legal custody to both parents, shared physical custody during the school year, and primary physical custody to Father during the summer months. This timely appeal followed.

On appeal, Mother raises the following issues for our review:

1. Did the trial court err by failing to consider the expert report and testimony of Dr. Peter Thomas insofar as it related to a recommendation with regard to custody?

2. Did the trial court err by finding that [M]other promulgated false allegations of sexual abuse of [Child] by [F]ather?

3. Did the trial court err by finding [M]other in contempt?

4. Did the trial court err in awarding [F]ather attorney's fees when no evidence regarding the incurring of attorney's fees had been presented?

5. Did the trial court err in fashioning a new custody arrangement for the summer months?

Brief of Appellant, at 5.

In her first issue, Mother contends that the trial court erred by disregarding Dr. Peter Thomas' recommendation regarding custody arrangements for Child. In her second issue, Mother argues that the trial court erred in its credibility determinations regarding Mother's claims that Father sexually abused Child. Both claims involve the trial court's weighing of the evidence.

Our standard of review is as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making

independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

With any child custody case, the paramount concern is the best interests of the child.

**B.C.S. v. J.A.S.**, 994 A.2d 600, 602 (Pa. Super. 2010).

As to the testimony of an expert witness in a child custody case, "[w]hile a trial court is not required to accept the [expert's] conclusions . . ., it must consider them, and if the trial court chooses not to follow the expert's recommendations, its independent decision must be supported by competent evidence of record." **M.A.T. v. G.S.T.**, 989 A.2d 11, 20 (Pa. Super. 2010).

In this matter, Dr. Thomas indicated that communication between Mother and Father is dysfunctional and cited Father's withdrawing from co-parenting counseling as problematic in this regard. Dr. Thomas also noted that Father had relatively deficient parenting skills overall compared to Mother. Dr. Thomas did not specifically indicate an opinion regarding Mother's allegations that Father had sexually abused Child. York County Children and Youth and Family Services (the Agency) investigated the allegations and determined that they were unfounded, based upon an

interview with Child and a meeting with Child, Mother, and the Child's maternal grandmother.

As the trial court noted, the Agency's meetings

led the agency to believe that [C]hild was coached on what to say by [M]other and/or [her] maternal grandmother. Further, a pediatrician at Hanover Pediatrics that examined [C]hild notified Children Youth and Family Services on September 8, 2014, indicating that he felt [C]hild had been coached on what to say.

Trial Court Opinion, 8/9/16, at 3. Accordingly, although Dr. Thomas opined regarding the general level of Mother's parenting skills, in light of the trial court's determination that Mother had coached the Child to say she had been abused, the court was free to disregard the doctor's opinion. Indeed, the court's independent decision to grant Father primary custody is supported by the record. **M.A.T.**, **supra**.

Furthermore, in light of Mother's false accusations, no reason exists to disturb the court's credibility determinations disagreeing with Mother's testimony that it would be best for Child to be primarily in her care. Accordingly, we find no error in the court's weighing of the evidence as presented through the testimony of Dr. Thomas and Mother. **B.C.S.**, **supra**.

In her third and fourth issues, Mother asserts that the court erred by finding her to be in contempt and relatedly awarding attorney's fees. However, in her appellate brief, Mother indicates that she has taken a separate appeal from an order addressing these issues that was entered after the taking of the instant appeal. Thus, these issues have not been

briefed and have been abandoned in this appeal. Accordingly, we will not address them herein.

Finally, Mother contends that the trial court erred by creating a separate custody schedule for the summer months, as opposed to the schedule in place for the school year. However, this issue, too, has been abandoned on appeal, as no argument on this issue has been developed in Mother's appellate brief. Moreover, we note that the nature of the order specifying different custody schedules for different parts of the year indicates the care with which the court fashioned a tailored custody order in the best interest of Child. *Id.*

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2017